UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDY MCGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01959-JPH-TAB |
| ) | |
| INDIANA DEPT. OF CORRECTION, ) | |
| INDIANA PAROLE BOARD, ) | |
| ALBERTO COLLENTES, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISIMSSING COMPLAINT, AND PROVIDING OPPORTUNITY TO SHOW CAUSE**

This action is before the Court for resolution of Randy McGee's motion for leave to proceed *in forma pauperis*, dkt. [2], and for screening of his complaint pursuant to 28 U.S.C. § 1915A(b).

**I. Motion for Leave to Proceed *In Forma Pauperis***

McGee's motion to proceed *in forma pauperis,* dkt. [2], is **granted**. Although McGee is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because McGee has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

1

## II. Screening

McGee is an inmate at the Hamilton County Jail in Noblesville, Indiana. Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

### A.     Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Kelley's pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B.     The Complaint

The complaint names three defendants: The Indiana Department of Correction (IDOC), The Indiana Parole Board, and Parole Agent Alberto Collentes. McGee states that the IDOC and the Indiana Parole Board failed to release him from parole when a Morgan County judge modified his sentence to probation in August 2018. McGee completed probation in February 2019. At some point after that, Agent Collentes pursued parole violations against him resulting in him being returned to prison twice until his maximum discharge date. As a result of the defendants' actions,

he was subjected to 60-90 days of unlawful incarceration in violation of his civil rights. He seeks compensatory and punitive damages.

**C.    Discussion of Claims**

First, McGee's claims against the IDOC, and the Indiana Parole Board, are barred by the Eleventh Amendment. The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). "An agency of the state enjoys this same immunity." *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016).

Second, McGee's claim against Collentes is dismissed because Collentes is absolutely immune from suit for revoking McGee's parole. *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) ("Probation and parole officials are entitled to absolute immunity 'for their activities that are analogous to those performed by judges.'") (quoting *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005)); *Thompson v. Duke*, 882 F.2d 1180, 1184–85 (7th Cir. 1989) (parole board members are entitled to absolute immunity for the decision to revoke parole).

McGee's complaint fails to state a viable constitutional claim against any named defendant and is therefore **dismissed**.

### III. Conclusion and Opportunity to Show Cause

McGee's motion for leave to proceed *in forma pauperis,* dkt. [2], is **granted**.

The complaint is **dismissed** for the reasons discussed in this Order. McGee shall have **through August 16, 2021,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case

could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**SO ORDERED.**

Date: 7/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RANDY MCGEE
140124
HAMILTON COUNTY JAIL
18102 Cumberland Road
Noblesville, IN 46060